PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREMIUM BALLOON ACCESSORIES, INC., | ) ) | CASE NO. 1:10cv979 |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CREATIVE BALLOONS MFG., INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF Nos. 59; 61; 66] |

On September 26, 2012, the Court issued an Order setting a joint status conference in the instant case as well as the companion case, *Premium Balloon Accessories v. Creative Balloon Mfg.*, Case No. 5:11-cv-615.  ECF No. 72.  Additionally, the Court administratively terminated ECF Nos. 59; 61; and 66 with the understanding that the matters would be addressed during the status conference.  ECF No. 72.

A status conference was held on December 19, 2012, wherein the Court addressed the administratively terminated motions.  Settlement discussions were had.  No resolution was reached; however, the parties continued thereafter to discuss settlement.  The parties have informed the Court that they have reached an impasse in settlement negotiations.

Given the parties inability to resolve the matter, the Court issues the following rulings, in accordance with the tentative rulings made in ECF No. 72:

### I. The Motion to Alter/Amend Judgment

The Motion to Alter/Amend Judgment filed by Defendant Creative Balloon Manufacturing, Inc. ("CBM") (ECF No. 59) is granted in part to correct the following factual

(1:10cv979)

errors:

1).  CBM argued in its motion for summary judgment that the 1999 Complaint and Settlement Agreement did not limit the four shapes identified in the Complaint or agreement to any size or weight;

2).  The execution of the Settlement Agreement did not establish *per se* that Plaintiff Premium Balloon Accessories ("PBA") had trade dress rights in the balloon weights at issue in the 1999 Complaint; and

3).  CBM did not argue the 100 gram star shaped weights were the subject of the 1999 Complaint, but rather that the other 100 gram weights manufactured by CBM at that time were the subject of the 1999 Complaint and Settlement Agreement.

The Court denies the motion (ECF No. 59) in all other respects.

## II.  The Motion for Permanent Injunction

PBA filed a Motion for Permanent Injunction to enjoin and restrain CBM from selling its 100 gram star-shaped Happy Heavy Weight balloon weight (hereinafter the "SuperStar").  ECF No. 61.  CBM opposes the motion.  ECF No. 63.

### A.  Factors for Injunctive Relief

A plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) "that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) it is in the public's interest to issue the injunction.  *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (citing *eBay Inc., et al. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  A

2

(1:10cv979)

permanent injunction may issue without a hearing when "no factual issues remain for trial," such as an entry of summary judgment.  *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005).

The irreparable injury factor is established in trademark cases by showing that the defendant's use of a trademark is likely to cause confusion.  *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991).  The Court previously found that the SuperStar created a likelihood of confusion.  ECF No. 58 at 27.  CBM, citing no legal authority to support its position, argues that monetary damages in the form of a license agreement or a reasonable royalty are adequate because PBA has previously licensed CBM to offer for sale and sell its star-shaped balloon weights.  ECF No. 63 at 3.  However, a past licensing agreement does not preclude a finding of irreparable harm.  *See eBay Inc.*, 547 U.S. at 1840.

The second factor is that there is no adequate legal remedy.  With regards to the adequate legal remedy factor, the Sixth Circuit has explained that where there is potential for future harm from infringement, there is no adequate remedy at law.  *Audi AG*, 469 F.3d at 550. Because CBM continues to sell the SuperStar, there is potential for future harm from infringement.

With respect to the balance of hardships factor, a permanent injunction is warranted where there is no harm to the defendants inasmuch as an injunction will merely require the defendants to comply with the Lanham Act.  *Id*.  CBM does not explain how it will be harmed beyond having to comply with the Lanham Act.

The fourth factor concerning the issuance of a permanent injunction is that the public

3

(1:10cv979)

interest will be served. Trademark enforcement and prevention of customer confusion are inherently in the public interest. *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985). CBM argues that PBA has not provided evidence that customers specifically identify the features of the SuperStar with PBA's product, and that advertising efforts were not directed to the general public. ECF No. 63 at 4. This argument is unavailing. The Court has found there is a likelihood of customer and distributer confusion. ECF No. 58 at 27.

CBM also argues that PBA is not entitled to a permanent injunction because the Court adjudicated fewer than all the claims of the parties. ECF No. 63 at 2. Specifically, CBM asserts the Court "withheld ruling on summary judgment on CBM's second counterclaim for breach of the Settlement Agreement." ECF No. 63 at 2. CBM argues that if it is successful on its counterclaim, it will have the right under the Settlement Agreement to sell the SuperStar. ECF No. 63 at 2.

CBM's premise is faulty. The Court has not withheld a ruling on "CBM's second counterclaim for breach of the Settlement Agreement." Rather, there has been no such motion filed or ruling sought on that counterclaim. The Court previously granted CBM summary judgment as to PBA's claim for breach of Settlement Agreement, finding that the agreement only covered the balloon weights in existence at the time of the agreement, and thus did not cover the SuperStar, which did not exist at the time of the agreement. ECF No. 58 at 9. Therefore, though CBM has a remaining counterclaim as to breach of the settlement agreement, a ruling on that counterclaim will not effect the determination of trade dress. Having already concluded that CBM infringed PBA's trade dress, and that the Settlement Agreement does not cover the

4

(1:10cv979)

SuperStar, it is fair to infer that a ruling on CBM's counterclaim will be consistent with those prior determinations. As such, the remaining counterclaim does not disrupt the trade dress infringement issue. Accordingly, based upon the above factors, PBA is entitled to injunctive relief.

### B. The Scope of Injunctive Relief

PBA seeks an injunction against CBM from "importing and/or offering for sale and/or selling and/or distributing and/or advertising or promoting any star-shaped heavyweight (*i.e.*, in a range from about 80g to about 100g) balloon weight that incorporates the trade dress (*i.e.*, overall appearance) of Premium's star-shaped Heavy Weight balloon weight, including but not exclusively Creative's 100g Happy Heavy Weight balloon weight, *aka* SuperStar balloon weight." ECF No. 61 at 4. PBA asserts that CBM's continuing sales of the SuperStar after the filing of the Complaint supports a broad injunction in order to protect the goodwill and reputation of PBA. ECF No. 61 at 4.

When the infringing use of the trademark is for a similar product, "a broad injunction is especially appropriate." *Go-to.com Inc. v. Walt Disney Company*, 202 F.3d 1199, 1211 (9th Cir. 2000). A plaintiff is entitled to a broad injunction "in order to protect the reputation and goodwill it has established in its marks and to prevent defendants from infringing on, or otherwise harming, those marks." *Daimler Chrysler v. Net, Inc.*, 388 F. 3d 201, 208 (6th Cir. 2004).

CBM argues that the injunction should be limited to only the 100 gram SuperStar, rather than an "about 80g to about 100g" SuperStar, because the Court only determined that the 100

5

(1:10cv979)

gram SuperStar infringes the trade dress of PBA's star, and any further infringement in the 80g-100g range would need to be determined anew.  ECF No. 63 at 5.  The Court is not persuaded by this argument.

PBA has asserted that its star-shaped Heavy Weight balloon weight weighs 85 grams; CBM has repeatedly referred to PBA's star-shaped product as weighing 90 grams.  ECF No. 36 at 23; 38-1 at 10.  Not deterred by that discrepancy in nomenclature, the Court found that CBM's 100 gram star, which is at least 10-15 grams greater than PBA's heavy weight star, infringes on PBA's heavy weight star trade dress.  Using that same reasoning, a CBM star-shaped weight weighing 10-5 grams less than PBA's star would also infringe upon PBA's trade dress, given the near imperceptible differences in their weight.  It, therefore, makes little sense to refuse to enjoin a CBM product that would be even closer in overall appearance to PBA's heavy weight star.  The purpose of an injunction is to prevent CBM from infringing upon, or otherwise harming, PBA's marks.  See *Daimler Chrysler*, 388 F. 3d at 208.  Therefore, given that the licensing agreement only permitted CBM's 8g star-shaped weights and CBA's 100 gram SuperStar has been found to violate the trade dress of PBA's 85-90 gram star, enjoining CBM from producing an even heavier star-shaped weight, *i.e.*, a 80-100 gram SuperStar, is not overly broad.

Additionally, the Court finds PBA's usage of the word "about" in the proposed permanent injunction to be impermissibly vague.  ECF No. 61 at 5 ("Importing, offering for sale and/or selling and/or distributing and/or advertising or promoting any star-shaped heavy weight (*i.e.*, in a range from about 80g to about 100g) balloon weight").  Therefore, the Court grants PBA's motion for a permanent injunction "in a range from 80g to 100g."

6

(1:10cv979)

### III.  Motion for Evidentiary Hearing on the Issue of Damages and Attorney Fees

PBA moved the Court to schedule an evidentiary hearing on the issue of damages and attorney fees on its trade dress infringement claim; its Federal and State unfair competition claim; and fees and costs related to defending against previously dismissed counterclaims asserted by CBM.  ECF No. 66 at 1-2.  CBM opposes this motion for reasons relating to the merits of its claims, which the Court has already ruled upon.  Accordingly, the Court grants PBA's motion for an evidentiary hearing on the issue of damages and attorney fees (ECF No. 66).  A hearing will be held Monday, March 25, 2013 at 3:00pm, Courtroom 351, United States Courthouse and Federal Building, 125 Market Street, Youngstown, Ohio.  Clients must be present unless counsel has full authority to act on their behalves.

### IV.  Trial Date

The trial date for the remaining Counterclaim is May 13, 2013.  A final pretrial conference will be held April 10, 2013 at 1:00 p.m.

### V.  Companion Case

The parties are instructed to submit a discovery plan in the companion case *Premium Balloon Accessories v. Creative Balloon Mfg.*, Case No. 5:11-cv-615.  The Court hereby sets a telephonic Case Management Conference for March 22, 2013 at 1:30pm.

### VI.  Conclusion

For the reasons stated herein, the Court 1) grants CBM's Motion to Alter/Amend Judgment (ECF No. 59) in part to correct the factual record and denies the motion in all other respects; 2) grants PBA's Motion for an Evidentiary Hearing on the Issue of Damages and

(1:10cv979)

Attorney Fees (ECF No. 66); and 3) grants PBA's Motion for Permanent Injunction (ECF No. 61).

Pursuant to 15 U.S.C. §1116(a), Defendant Creative Balloon Mfg., Inc., its officers, agents, servants, employees, representatives, and all other persons who are in active concert or participation with any of them, are hereby permanently enjoined and restrained from:

a) Importing, offering for sale and/or selling and/or distributing and/or advertising or promoting any star-shaped heavy weight (*i.e.*, in a range from 80g to 100g) balloon weight that incorporates the trade dress (*i.e.*, overall appearance including its size, weight, shape or configuration and primary colors) of Premium's star-shaped Heavy Weight balloon weight, including but not exclusively Defendant Creative Balloon Mfg., Inc.'s 100g Happy Heavy Weight balloon weight, *aka* SuperStar balloon weight;

b) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph (a); and/or

c) Effecting assignment or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.


IT IS SO ORDERED.


  March 4, 2013                      /s/ Benita Y. Pearson
Date                              Benita Y. Pearson
                                 United States District Judge

8