PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREMIUM BALLOON ACCESSORIES, INC., | ) ) ) | CASE NO. 1:10cv979 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| CREATIVE BALLOONS MFG., INC., | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 83] |

This matter is before the Court upon Plaintiff Premium Balloon Accessories' ("PBA") Motion for Summary Judgment on Defendant Creative Balloon Manufacturing, Inc.'s ("CBM") Second Counterclaim filed on March 14, 2013.[1] ECF No. 83. Previously, the Court had resolved all but one of the parties' claims and counterclaims on cross summary judgment motions—the only remaining claim in the instant case is CBM's second counterclaim for breach of settlement agreement. ECF No. 58 at 29-30.

In its motion, PBA asserts that "the Court has already concluded 'the star-shaped heavy weights were not a part of the 1999 Complaint or the related Settlement Agreement.'" ECF No. 83 at 3. This being the law of the case, PBA argues, CBM cannot prove that Premium breached the 2000 Settlement Agreement. ECF No. 83 at 3-4. Therefore, PBA asserts,

> [i]t having been conceded by Creative that its second counterclaim
> for breach of settlement Agreement is based on the allegation that
> Premium wrongfully sued Creative as a licensee, and this Court
> having found as a matter of law that Creative is not licensed to sell

---

[1] Although the cutoff date for dispositive motions had passed, PBA sought leave of Court to file its motion (ECF No. 82), which the Court granted (*Order*, 3/15/2013).

(1:10cv979)

>its 100g starshaped weights under the 2000 Settlement Agreement, summary judgment in favor of Premium on this counterclaim is appropriate.

ECF No. 83 at 4.

On March 15, 2013, the Court noted that "the case is ripe for full resolution. All claims have been briefed and argued, directly or indirectly, as evidenced by the myriad pleadings that fill the docket." *Order*, 3/15/2013. Against this background, the Court ordered CBM to respond to PBA's motion no later than March 28, 2013.[2] *Order*, 3/15/2013.

On March 28, 2013, CBM responded. ECF No. 102. CBM states that it "acknowledges– but only for purposes of this response and without acquiescing in the Court's interpretation– that Counterclaim II cannot stand given the Court's recent affirmance of its interpretation of the Settlement Agreement in its Denial of CBM's Motion to Alter or Amend Judgment (ECF No. 78)." ECF No. 102 at 5.

Based upon the Court's review of the case, and the parties' agreement that the Court's previous ruling result in a finding in favor of PBA on Counterclaim II, the Court hereby grants PBA's Motion for Summary Judgment on CBM's Second Counterclaim. ECF No. 83.

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] PBA waived the right to file a reply. ECF No. 82 at 2.